**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DEVOU GOOD PROJECT, INC, *et al.*, ) ) ) *Plaintiffs*, ) ) v. ) ) U.S DEPARTMENT OF TRANSPORTATION, ) *et al.*, ) ) *Defendants*, ) ) | Case No. 1:24-cv-585 Judge Douglas R. Cole |

**ANSWER**

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendants the United States Department of Transportation ("DOT"), Peter Buttigieg, in his official capacity as Secretary of the DOT, the Federal Highway Administration ("FHWA"), and Shailen Bhatt, in his official capacity as FHWA Administrator (collectively "Defendants") hereby answer Plaintiffs' Amended Complaint ("Complaint"), ECF No. 4.[1] The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of the Complaint.

---

[1] Plaintiffs' claims are subject to judicial review, if at all, under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court's task is to review the administrative record and determine whether, as a matter of law, the agency's decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). Accordingly, because the Court does not operate as a fact-finder during review under the APA, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute. *See, e.g.*, *Alexander v. Merit Sys. Prot. Bd.*, 165 F.3d 474, 480 (6th Cir. 1999) (citing *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA)). Nonetheless, Defendants submit this Answer to ensure compliance with Federal Rule of Civil Procedure 8.

## INTRODUCTION[2]

1. Defendants admit the allegations in this Paragraph.

2. The allegations in this Paragraph purport to quote and/or characterize a federal statute. That statute is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

3. The allegations in this Paragraph purport to quote and/or characterize a federal regulation. That regulation is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

4. Defendants admit the allegations in this Paragraph but deny any implication that Defendants were required to prepare an Environmental Impact Statement ("EIS").

5. The allegations in this Paragraph purport to characterize the Revised Supplemental Environmental Assessment ("RSEA"). The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

6. Defendants deny the allegations in this Paragraph.

7. Defendants deny the allegations in this Paragraph.

8. Defendants admit the allegations in the first sentence of this Paragraph. Defendants deny the remaining allegations in this Paragraph.

## I. JURSIDICTION AND VENUE

9. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

---

[2] The headings in this Answer correspond to the major headings in the Complaint, and Defendants include them solely to provide convenient reference to the Complaint. They do not form any part of the Answer. To the extent the headings in the Complaint or the Answer include substantive allegations, Defendants deny them.

10. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

11. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

12. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

13. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

## II.     PARTIES

14. Defendants admit that Coalition for Transit and Sustainable Development ("CTSD") submitted public comments on the Supplemental Environmental Assessment ("SEA"). Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

15. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

16. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

17. Defendants deny that Civic Cincinnati submitted comments on the SEA. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

18. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

19. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

20. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

21. Defendants deny the allegations in this Paragraph.

22. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

23. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

24. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

26. Defendants admit the allegations in this Paragraph.

27. No response is required to this Paragraph.

28. Defendants admit that Shailen Bhatt was the FHWA's Administrator when the Finding of No Significant Impacts ("FONSI") and RSEA were issued on May 10, 2024. Defendants deny that Administrator Bhatt is the current administrator of the FHWA because Administrator Bhatt stepped down from that position in September 2024.[3]

29. Defendants admit the allegations in this Paragraph.

30. No response is required to this Paragraph.

---

[3] Accordingly, under Federal Rule of Civil Procedure 25(d), Gloria Shepherd, FHWA Executive Director, in her official capacity, should be substituted for Administrator Bhatt.

31. Defendants admit the allegations in this Paragraph.

32. Defendants admit the allegations in this Paragraph.

33. No response is required to this Paragraph.

34. No response is required to this Paragraph.

### III. Factual Background

35. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph, and therefore deny those allegations. The remaining allegations in this Paragraph purport to characterize an Ohio Department of Transportation ("ODOT") application for federal funding. That document is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

36. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

37. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

38. Defendants deny the allegations contained in this Paragraph.

39. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

40. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

41. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

42. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

43. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

44. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

45. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

46. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

47. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

48. The allegations in the first sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. The last sentence in this Paragraph provides Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the last sentence of this Paragraph.

49. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph, and therefore deny those allegations. Defendants admit that temporary access and mobility, noise, and air quality impacts are anticipated during construction but deny the remaining allegations in this Paragraph.

50. Defendants deny the allegations in the first two sentences of this Paragraph. The allegations in the last sentence of this Paragraph purport characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

51. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

52. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

53. Defendants deny the allegations in the first two sentences of this Paragraph. The allegations in the last sentence of this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

54. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

55. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

56. The allegations in the first sentence of this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

57. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

58. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

59. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

60. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

61. Defendants admit that on February 7, 2024, the U.S. Environmental Protection Agency ("EPA") issued a final rule on reconsideration of the National Ambient Air Quality Standards ("NAAQS") for fine particulate matter or soot (PM2.5) but clarified that this rule only took effect on May 6, 2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

62. Defendants admit that CTSD submitted public comments on the SEA. The remaining allegations in this Paragraph purport to characterize CTSD's comments, the RSEA, and the FONSI. Those documents are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

63. The allegations in this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

64. The allegations in this Paragraph purport to characterize unspecified communications to Defendants. Those communications are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

65. Defendants deny the allegations in the first two sentences of this Paragraph. The allegations in the last sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

66. Defendants deny the allegations in the first sentence of this Paragraph. The allegations in the last sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

67. The allegations in this Paragraph purport to characterize comments on the RSEA. Those comments are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

68. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

69. Defendants deny the allegations in the first sentence of this Paragraph. Defendants admit that increased stormwater runoff is anticipated but deny the remaining allegations in the last sentence of this Paragraph.

70. Defendants lack information sufficient to form a belief in the allegations in the first sentence of this Paragraph, and therefore deny those allegations. The allegations in the second and third sentences (including in footnote 1) of this Paragraph purport to characterize correspondence from the EPA. That correspondence is the best evidence of its content, and Defendants deny any allegations inconsistent with it. The allegations in the last sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI and are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

71. Defendants deny the allegations in this Paragraph.

72. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI and are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

73. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

74. Defendants deny the allegations in the first sentence of this Paragraph. The allegations in the second sentence purport to characterize comments on the RSEA. Those comments are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. The allegations in the last sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

75. Defendants deny the allegations in this Paragraph.

76. Defendants deny the allegations in this Paragraph.

77. Defendants deny the allegations in this Paragraph.

78. The allegations in the first sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. The allegations in the last sentence of this Paragraph provide Plaintiffs' legal conclusions, which require no response. To the extent a response is required, Defendants deny those allegations.

79. The allegations in the first two sentences of this Paragraph purport to characterize the RSEA. The RSEA is the best evidence of its contents, and Defendants deny any allegations inconsistent with it. Defendants deny the remaining allegations in this Paragraph.

80. The allegations in the first two sentences of this Paragraph purport to characterize CTSD's comments on the SEA. CTSD's comments are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. The last sentence of this Paragraph purports to characterize the FONSI. The FONSI is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

81. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

82. The allegations in the last sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. Defendants deny the remaining allegations in this Paragraph.

83. Defendants deny the allegations in this Paragraph.

84. Defendants deny the allegations in this Paragraph.

85. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

86. Defendants deny the allegations in this Paragraph.

87. Defendants deny the allegations in this Paragraph.

88. Defendants deny the allegations in this Paragraph.

89. The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

90. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

91. Defendants admit the allegations in this Paragraph.

92. Defendants admit the allegations in this Paragraph.

**IV. THE LEGAL FRAMEWORK**

93. The allegations in this Paragraph purport to quote and/or characterize a federal statute. That statute is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

94. The allegations in this Paragraph purport to quote and/or characterize a federal statute. That statute is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

95. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

96. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

97. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

98. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

99. The allegations in this Paragraph purport to quote and/or characterize a federal statute and regulation. That statute and regulation are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. The allegations in footnote 2 provide Plaintiffs' legal conclusions, to which no response is required.

100. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

101. The allegations in this Paragraph purport to quote and/or characterize federal regulations. Those regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

102. The allegations in this Paragraph purport to quote and/or characterize federal regulations. Those regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

103. The allegations in this Paragraph purport to quote and/or characterize federal statutes and regulations. Those statutes and regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

104. The allegations in this Paragraph purport to quote and/or characterize federal regulations. Those regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

105. Defendants deny the allegations in this Paragraph.

106. The allegations in this Paragraph purport to quote and/or characterize a federal regulation. That regulation is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

107. The allegations in the first three sentences of this Paragraph purport to quote and/or characterize federal regulations. Those regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

108. The allegations in this Paragraph purport to quote and/or characterize a federal regulation. That regulation is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

109. The allegations in this Paragraph purport to quote and/or characterize federal regulations. Those regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

110. The allegations in this Paragraph purport to quote and/or characterize federal regulations. Those regulations are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

111. The allegations in this Paragraph purport to quote and/or characterize a federal regulation. That regulation is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

112. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

113. The allegations in this Paragraph purport to quote and/or characterize federal statutes. Those statutes are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

114. The allegations in this Paragraph purport to quote and/or characterize a federal statute. That statute is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

115. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

## CLAIM FOR RELIEF: VIOLATION OF NEPA

116. Defendants adopt by reference their responses to paragraphs 1–115.

117. Defendants deny the allegations in this Paragraph.

118. The allegations in this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

119. The allegations in this Paragraph, including in footnote 3, purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them.

120. The allegations in the first sentence of this Paragraph purport to characterize the RSEA and FONSI. The RSEA and FONSI are the best evidence of their contents, and Defendants deny any allegations inconsistent with them. Defendants deny the remaining allegations in this Paragraph.

121. Defendants deny the allegations in this Paragraph.

122. Defendants deny the allegations in this Paragraph.

123. Defendants deny the allegations in this Paragraph.

## RELIEF REQUESTED

Sub-paragraphs "a" through "g," under the caption "Relief Requested," provide Plaintiffs' prayers for relief. To the extent the Federal Rules of Civil Procedure or this Court require a response, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

All the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

## DEFENSES

1. Plaintiffs lack standing to assert the claims alleged in the Complaint.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. Plaintiffs have failed to exhaust their administrative remedies for some or all of their claims.

4. Plaintiffs' claims are barred by the applicable statute of limitations.

15

**PRAYER**

For the foregoing reasons, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants such other and further relief that the nature of the case and justice requires.

Respectfully submitted this 20th day of December 2024,

>TODD KIM
>Assistant Attorney General
>Environment & Natural Resources Division
>
>*/s/ Taylor Gamm*
>Gregory M. Cumming (D.C. Bar No. 1018173)
>Taylor L. Gamm (Ohio Bar No. 98020)
>Natural Resources Section
>150 M St., N.E.
>Washington, D.C. 20002
>(202) 305-0457 (phone)
>(202) 598-0414 (cell)
>gregory.cumming@usdoj.gov
>taylor.gamm@usdoj.gov
>
>*Counsel for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December 2024, a true copy of the foregoing was served electronically through the Court's CM/ECF system with the Court and all registered counsel.

*/s/  Taylor Gamm*
